

# SEVERANCE AGREEMENT

This Severance Agreement (this "Agreement" or this "Severance Agreement), is entered into and made effective as of [July 13th 2018] (the "Effective Date"), by and between: **[ANTONIO RODRIGO]** ("Employee") and **[QUEST DIAGNOSTICS]** ("Employer").

WHEREAS, Employer employed Employee under an agreement of employment dated [August 31th 2014]; and

WHEREAS Employer and Employee hereby agree to terminate the employer-employee relationship effective as of [July 13th 2018] (the "Severance Date"); and

WHEREAS, Employer and Employee would like to settle any and all actual or potential differences and disputes between them related to such employer-employee relationship;

NOW, THEREFORE, in consideration of the foregoing, and of the mutual covenants, commitments and agreements contained herein, the receipt and sufficiency of which is hereby acknowledged, Employer and Employee each acknowledge and voluntarily agree as follows:

1. Effective as of the Severance Date, the Employee's employment by the Employer and the Employer's employment shall terminate.

2. The Employer is under no obligation to pay any sum or provide any benefit as a result of such termination, and Employee's payment of the severance benefits described in this Section 2 below will only be made by Employer following Employee's execution of this Severance Agreement. Employer agrees to pay Employee a severance benefit in the amount of **$128,400.00 [One Hundred And Twenty Eight Thousand Four Hundred Dollars]** solely in consideration of Employee's promises and covenants made in this Severance Agreement. Payment will be made to Employee on or before July 26th 2018

3. In accordance with Employer's policies, Employer will continue to provide insurance coverage to Employee under Employer's health, vision and dental plans, provided Employee subscribes to such plans, until [July 26th 2018].

© 2000-2018 Quest Diagnostics Incorporated





4. Employer shall have no obligation to pay, and Employee understands that Employee is not entitled to, any compensation other than as expressly stated in Section 2 of this Severance Agreement.

5. Employee agrees not to disparage Employer, nor its affiliates, subsidiaries, officers, directors, shareholders, employees, agents, products and services, in any way, whether verbally or in written form, publicly or non-publicly, to any third parties, to include any Employer employees.

6. For a period lasting [2] years after the Severance Date, Employee agrees not to directly or indirectly engage in any act to persuade, induce or otherwise attempt to induce, any employee of Employer to terminate their employment with Employer or otherwise accept employment with another third party.

7. Prior to the Severance Date, Employee shall return to Employer all tangible confidential or proprietary information, or other property or Employer in Employee's possession or control. Employee represents and warrants to Employer that Employee will uphold the terms and conditions of the Non-Disclosure Agreement between Employee and Employer and will not disclose to third parties any confidential or proprietary information acquired during Employee's employment by Employer.

8. Employee agrees that nothing contained in this Agreement is an admission of any breach by Employer of any agreement, law or regulation, or any willful or negligent misconduct of any kind.

9. Employer makes no representations, warranties or agreements of any kind, unless expressly stated herein, and Employee acknowledges and agrees to the same.

10. Employee agrees to and does release the Company from all claims or demands Employee may have based on Employee's employment with the Company or the termination of that employment. This also includes a release by Employee of any claims for intentional infliction of emotional distress, invasion of privacy, wrongful discharge, or that the Company has dealt with Employee unfairly or in bad faith.

11. This Agreement does not waive any rights or claims that Employee may have which arise after the date the Employee signs this Agreement.

© 2000-2018 Quest Diagnostics Incorporated



12. This Severance Agreement shall be governed by and construed in accordance with the laws of the State of **[MISSOURI]**, and Employer and Employee each hereby submit to the State of **[MISSOURI]** as exclusive jurisdiction for any disputes arising hereunder. In the event litigation is instituted between the parties in connection with any controversy or dispute arising from, under or related to this Agreement, the judgment herein should include a reasonable sum to be paid to the prevailing party on account of attorneys' fees incurred in such litigation.

IN WITNESS WHEREOF, The parties hereto have caused this severance Agreement to be executed and effective .

| | |
|---|---|
| _____ | _____ |
| Antonio Rodrigo | By: Cecilia McKenney |
| | Title: Chief Human Resources |
| | Date: 13th July 2018 |

© 2000-2018 Quest Diagnostics Incorporated